**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**CAROLINE H. SHRYOCK and GAYLE L.**
**LEWIS as trustees of THE CAROLINE H.**
**SHRYOCK LIVING TRUST,**

      **Plaintiffs,**

**v.**                                                                CASE NO.: _____

**PHL VARIABLE INSURANCE COMPANY,**
**DIAMOND & ASSOCIATES**
**RETIREMENT PLANNING SERVICES,**
**INC., and MARK STEPHEN DIAMOND,**

      **Defendants.**

**<u>NOTICE OF REMOVAL</u>**

Defendant PHL Variable Insurance Company ("PHL"), with the joinder and consent of Defendants Mark Stephen Diamond ("Diamond") and Diamond & Associates Retirement Planning Services, Inc. ("DARPS"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would show this Court as follows:

**I.      <u>INTRODUCTION</u>**

1.      According to Plaintiffs Caroline H. Shryock ("Shryock") and Gayle L. Lewis ("Lewis") (collectively, the "Plaintiffs"), this case is about the Caroline H. Shryock Living Trust's (the "Trust") purchase of PHL annuity number 28149557 (the "Annuity") for a single premium of $967,256.57.  (*See* Compl., a copy of which is attached as Ex. 1, "What This Case Is About" and ¶ 38.)

2.      Displeased with the purchase, the Plaintiffs, as trustees of the Trust, now bring suit against PHL and two other defendants – Mark Stephen Diamond ("Diamond") and Diamond

1

& Associates Retirement Planning Services, Inc. ("DARPS") – alleging the Annuity was unsuitable, causing Plaintiffs to incur, among other things, a "substantial income tax liability" and loss of capital appreciation and income from "suitable securities." (*See* Ex. 1, ¶¶ 49, 55.)

3.     Accordingly, Plaintiffs now bring claims against PHL, Diamond, and/or DARPS for: (1) unfair insurance practices; (2) unfair trade practices; (3) breach of fiduciary duty; (4) negligent misrepresentation; (5) breach of contract; (6) breach of the covenant of good faith and fair dealing; (7) negligent supervision; and (8) *respondeat superior*. (*See* Ex. 1, ¶¶ 57–107.) Plaintiffs' theories of recovery include a request to rescind the Annuity necessitating a return of the nearly $1 million in premiums paid. (*See id.* at ¶¶ 62, 71, 78, 84, 91, 98, and 104.)

## II.     COMMENCEMENT AND SERVICE

4.     Plaintiffs initiated this action on June 14, 2016 by filing their Complaint in the Eleventh Judicial District Court in the State of New Mexico, styled Case No. D-1116-CV-2016-00730. (*See* Ex. 1.)

5.     The Office of Superintendent of Insurance accepted service on behalf of PHL as of June 17, 2016. (*See* Ex. 1, pp. 3–4.)

6.     This Notice of Removal, filed on July 15, 2016, is timely filed within the thirty (30) days allotted for removal under 28 U.S.C. § 1446(b). Further, this Notice of Removal is filed within one year of the commencement of this action in accordance with 28 U.S.C. § 1446(c).

## III.     GROUNDS FOR REMOVAL TO THIS COURT

7.     This Court may exercise its diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(a) provides, in pertinent part, that "[t]he district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." Because the parties are completely diverse and the amount in controversy exceeds $75,000 under 28 U.S.C. § 1332(a), PHL is entitled to remove Plaintiffs' Complaint to this Court pursuant to 28 U.S.C. § 1441.

     **A.**     **The Parties are Completely Diverse**

         i.     <u>Legal Standard Applicable to Diversity</u>

8.     "Congress has authorized the federal district courts to exercise jurisdiction over certain cases between citizens of different states." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citing 28 U.S.C. § 1332(a)(1)). "But such diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Id.* (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

9.     For purposes of diversity jurisdiction, "a person is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200 (internal citations omitted). Domicile is determined at the moment a plaintiff files his or her complaint, and "events either before or after the filing of the complaint will not defeat citizenship." *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1091 (D.N.M. 2005) (internal citations omitted).

10.     For an individual, he or she acquires domicile in a state when that "person resides there and intends to remain there indefinitely." *Middleton*, 749 F.3d at 1200 (internal citations omitted). Although "[r]esidence alone is not the equivalent of citizenship, . . . the place of residence is prima facie the domicile." *Charra*, 410 F. Supp. 2d at 1091. The Court should look

at the "totality of the circumstances" when analyzing domicile, and a number of factors can be used to shed light on the totality of the circumstances in any given case—including but not limited to: the party's current residence; voter registration and voting practices; situs of personal and real property; and driver's license and automobile registration.  *See Middleton*, 749 F.3d at 1200–01.

11.     On the other hand, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).

ii.     Shryock is a Citizen of New Mexico

12.     Plaintiffs allege Shryock "resides" in Kirtland, New Mexico without more.  (*See* Ex. 1, ¶ 1.)  While, as noted above, residence is "not the equivalent of citizenship," it is prima facie the place of domicile, which itself establishes citizenship.  *See Chaara*, 410 F. Supp. 2d at 1091.

13.     In addition to residing in Kirtland, New Mexico, Shryock is a registered voter in San Juan County, New Mexico.   (*See* Shryock Voter Registration, attached as Ex. 2.)  Furthermore, and with the exception of 2012, Shryock has voted in every general election in New Mexico since 1996.  (*See id.*)  She most recently voted on February 3, 2015.  (*See id.*)

14.     Given Plaintiffs' allegation regarding Shryock's residence in New Mexico and her extensive voting record, which is publicly available—Shryock is a citizen of New Mexico.

iii.     Lewis is a Citizen of New Mexico

15.     Plaintiffs' allegations with respect to Lewis are more nebulous than their allegations as to Shryock.  According to Plaintiffs, Lewis "partly resides" in the judicial district

of San Juan County, New Mexico as she "has a home in Farmington, New Mexico." (*See* Ex. 1,

¶ 3.)  Plaintiffs also contend Lewis owns a home in Casa Grande, Arizona.  (*See id.* at ¶ 4.)

Although Plaintiffs do not allege Lewis' citizenship, there can be no doubt that Lewis is a New

Mexico citizen.

16.     First, Lewis makes clear that she considers Farmington home.  Her Facebook

page states she "[l]ives in Farmington, New Mexico."  (*See* Lewis' Facebook Page, attached as

Ex. 3.)  This statement demonstrates Lewis ***intends*** to remain in Farmington.

17.     Moreover, like Shryock, Lewis also is registered to vote in San Juan County, New

Mexico.  (*See* Lewis Voter Registration, attached as Ex. 4.)  Lewis has voted in every general

election since 1996.  And Lewis most recently voted in the June 7, 2016 New Mexico primary as

a registered voter in San Juan County.  (*Id.*)

18.     Lewis' ties to New Mexico go far beyond her home in Farmington and her well-

chronicled voting history there.  For instance, a search demonstrates Lewis owns a 2011 GMC

Terrain SLT.  (*See* Selected Portions of Accurint Report for Lewis, attached as Ex. 5.)

Furthermore, a CARFAX report for Lewis' 2011 GMC Terrain reveals Lewis serviced her

vehicle in Farmington, New Mexico in July 2013, and that she most recently registered her

vehicle with the New Mexico Motor Department on June 24, 2015.  (*See* CARFAX Report,

attached as Ex. 6.)

19.     Taking into account the totality of the circumstances – Plaintiffs' allegation that

Lewis resides part time in Farmington, New Mexico, her public pronouncement on Facebook

that she "lives" in Farmington, New Mexico, her voter registration and voting history, and her

registration of her vehicle in the State of New Mexico – Lewis is a New Mexico citizen. *Middleton*, 749 F.3d at 1200–01.

### iii. PHL is a Citizen of Connecticut

20.     Plaintiffs correctly note PHL is incorporated in Connecticut.  (*See* Ex. 1, ¶ 6; *see also* Printout from Connecticut Secretary of State's Website Showing PHL as a "Domestic" Entity, attached as Ex. 8.)  Plaintiffs also correctly note that PHL's principal place of business is located in Connecticut.  (*See* Ex. 1, ¶ 6.)

21.     As PHL is a citizen of Connecticut (*see* 28 U.S.C. § 1332(c)), it is completely diverse from Plaintiffs, who are citizens of New Mexico.[1]

### iv. Diamond and DARPS are Citizens of Arizona

22.     Plaintiffs allege DARPS is a corporation organized under the law of the State of Arizona with its principal place of business in Arizona.  (*See* Ex. 1, ¶ 7.)  A review of publicly available information, however, shows DARPS was formed under Colorado law and maintains its principal office in Scottsdale, Arizona.   (*See* Printout from Arizona Secretary of State Showing DARPS Incorporated in Colorado with Officers and Directors Located in Arizona, attached as Ex. 9; *see also* Printout from Colorado Secretary of State Showing Same and Scottsdale, Arizona as home of DARPS' principal office, attached as Ex. 10.)   DARPS, therefore, is a citizen of Colorado and Arizona.  *See* 28 U.S.C. § 1332(c).

---

[1] The Trust's citizenship is irrelevant.  *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) (noting when a trustee of a traditional trust files suit in his or her own name, it is the trustee's citizenship that controls for purposes of diversity jurisdiction).  Here, Shryock and Lewis initiated this action in their individual capacity.  By their own admission, the Trust is ***not*** a plaintiff to this action.  (*See* Ex. 1, p. 2 of Compl., "Plaintiffs & the Trust.")

23.     Plaintiffs also allege Diamond is a "citizen" of the State of Arizona.  (*See* Ex. 1, ¶ 8.)

24.     As DARPS and Diamond are citizens of Colorado and/or Arizona, they are completely diverse from Plaintiffs—citizens of New Mexico.

**B.     Amount in Controversy Exceeds $75,000**

25.     One of Plaintiffs' theories of recovery seeks a rescission of the Annuity with a return of premiums paid thereon.  (*See* Ex. 1, ¶¶ 62, 71, 78, 84, 91, 98, and 104.)  Because Plaintiffs allege they paid in excess of $967,000 to purchase the Annuity (*see id.* at ¶ 38), the total amount in controversy exceeds $75,000 and this Court has jurisdiction under 28 U.S.C. § 1332.

26.     Furthermore, upon information and belief, the actual and punitive damages, together with the statutory and treble damages and attorneys' fees, sought by Plaintiffs exceed $75,000.  Again, because the total amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332.

## IV.   VENUE

27.     Venue lies in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the state court action in this judicial district.

## V.   CONSENT TO REMOVAL

28.      DARPS and Diamond join in and consent to PHL's removal of Plaintiffs' Complaint pursuant to 28 U.S.C. § 1446(b)(2)(A).

## VI.   <u>NOTICE</u>

29.    PHL shall provide notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d).

30.    PHL shall also file with the clerk of the state court action and will serve upon all counsel a notice of the filing of this Notice of Removal.

## VII.   <u>PLEADINGS AND PROCESS</u>

31.    Pursuant to 28 U.S.C. § 1446(a), PHL is required to file copies of "all process, pleadings, and orders served upon it."  Copies of those documents are attached as Exhibit 1.

## VIII.   <u>CONCLUSION</u>

WHEREFORE, PHL respectfully requests that the state court action now pending in the Eleventh Judicial District Court, State of New Mexico, bearing Case Number D-1116-CV-2016-00730, be removed to this Court, and asks that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By:_____*/s/ Andrew G. Schultz*_____.
          Andrew G. Schultz
P.O. Box 1888
Albuquerque, NM 87103
Telephone:    (505) 765-5900
Facsimile:    (505) 768-7395
E-mail:       aschultz@rodey.com

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
 Thomas F.A. Hetherington
 Texas Bar No. 24007359
 Andrew R. Kasner
 Texas Bar No. 24078770
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Email: tom.hetherington@emhllp.com
   andrew.kasner@emhllp.com

*Attorneys for Defendant PHL Variable Insurance Company*


LAW OFFICES OF RICHARD D. FARKAS

By   *Electronically Approved 07/14/2016*   .
 Richard D. Farkas*
 * Federal Bar No. Pending
15300 Ventura Boulevard, Suite 504
Sherman Oaks, California 91403
Telephone: (818) 789-6001
Facsimile: (818) 789-6002
Email: richarddfarkas@gmail.com

*Attorney for Defendants Diamond & Associates Retirement Planning Services, Inc. and Mark Stephen Diamond*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2016, a true and correct copy of the foregoing *Notice of Removal* was served on the following counsel for Plaintiff by U.S. mail and electronic mail:

**Counsel for Plaintiffs**

    Clinton W. Marrs
    Marrs Griebel Law Ltd.
    1000 Gold Avenue SW
    Albuquerque, New Mexico 87102
    Email:  clinton@marrslegal.com

    Rob Treinen
    Treinen Law Office PC
    500 Tijeras Avenue NW
    Albuquerque, New Mexico 87102
    Email: robtreinen@treinenlawoffice.com

**Counsel for Mark Diamond and Diamond & Associates Retirement Planning Services, Inc.**

    Richard D. Farkas
    Law Offices of Richard D. Farkas
    15300 Ventura Boulevard, Suite 504
    Sherman Oaks, California 91403
    Email:  richarddfarkas@gmail.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By_____*/s/ Andrew G. Schultz*_____.
    Andrew G. Schultz